Miller, Appellant, *v.* The Prudential
Insurance Company of America.

Argued December 11, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Richard M. Goldberg,* with him *Joseph J. Heston,* and *Hourigan, Kluger & Spohrer Associates,* for appellant.

*S. Keene Mitchell, Jr.,* with him *Darling & Mitchell,* for appellee.

OPINION BY HOFFMAN, J., March 29, 1976:

This is an action in assumpsit to recover medical benefits allegedly due under the terms of a medical insurance policy. Appellant contends that the lower court improperly granted the appellee's motion for judgment on the pleadings.

On November 2, 1972, the appellant, Harvey Miller, applied for a "Major Medical Expense Policy" with the appellee, The Prudential Insurance Company of America (Prudential). The application, filed with Prudential's agent, Martin Birnbaum, required the applicant to disclose whether he was covered under other medical expense policies with Prudential or any other company. The application also provided that "[t]he undersigned agrees ... (2) that no agent has the authority to modify any policy, to waive any of Prudential's rights or requirements or to bind Prudential by making any promise or representation ...."

Prudential issued the requested policy on November 18, 1972. The policy provided, in relevant part, as follows: "The Prudential Insurance Company of America will pay the benefits stated in this policy, in the event of sickness or injury as hereinafter defined, subject to all the provisions and exceptions contained herein .... B. Deductible Amount. The Deductible Amount applicable to any Benefit Period with respect to one sickness or one injury of a Covered Person shall be the Minimum Deductible Amount specified in the Policy Schedule except that if during such Benefit Period there are, with respect to the same sickness or injury, Other Medical Expense Benefits, as herein defined, for charges which are Eligible Expenses under this Policy, the Deductible

Amount for such Benefit Period shall be the amount of such Other Medical Expense Benefits if such amount is greater than the Minimum Deductible Amount. As used herein, 'Other Medical Expense Benefits' means benefits provided for confinements, services, supplies or equipment by any other insurance or welfare plan or prepayment arrangement ...."

While the policy was in effect, the appellant was hospitalized on three occasions. During this time, he received surgical and other medical services at a total cost of $9314.33. The appellant submitted the necessary documentation of the expenses, and requested payment in the amount of $6750.79.[1] Because the appellant had received "other medical expense benefits" from Blue Cross and Blue Shield in the amount of $6393.34, Prudential agreed to pay only the total eligible expenses ($9314.33) less the deductible amount ($6393.34) or $2920.99. By the time the action commenced, Prudential had paid all but $578.26 of this amount.[2]

On June 14, 1974, the appellant filed a complaint in assumpsit claiming that further reimbursement was due under the terms of the policy. Prudential filed an answer and new matter alleging that the benefits received from Blue Cross and Blue Shield must be deducted from the eligible expenses pursuant to the terms of the policy. The appellant then filed a reply to new matter asserting that Prudential's agent, Martin Birnbaum, specifically informed him that other medical expense benefits would not be deducted from the benefits due under the policy. On February 13, 1975, Prudential filed a motion for

1. The policy provided that 80% of the total eligible medical expenses less a standard deduction of $750 would be paid unless other medical benefits were received. If medical benefits greater than $750 were received, they would be deducted instead of the standard deduction.

2. Although the policy required payment of 80% of the eligible expenses less the deductible amount, Prudential apparently admits liability for 100% of that amount in this case.

judgment on the pleadings. On May 22, 1975, the lower court granted Prudential's motion, and entered judgment for the appellant in the amount Prudential admitted was due ($578.26). This appeal followed.

Rule 1034(a) of the Pennsylvania Rules of Civil Procedure provides that "[a]fter the pleadings are closed, but within such time as not to delay the trial, any party may move for a judgment on the pleadings." "A motion for judgment on the pleadings under Rule 1034 is in the nature of a demurrer and thus 'all of the opposing party's well-pleaded allegations are viewed as true but only those facts specifically admitted by him may be considered against him ....' *Bata v. Central-Penn National Bank of Philadelphia*, 423 Pa. 373, 378, 224 A.2d 174 (1966)." *Enoch v. Food Fair Stores, Inc.*, 232 Pa. Superior Ct. 1, 4, 331 A.2d 912 (1974). (Emphasis omitted). See also *Karns v. Tony Vitale Fireworks Corp.*, 436 Pa. 181, 259 A.2d 687 (1969); *Goldman v. McShain*, 432 Pa. 61, 247 A.2d 455 (1968). A motion for judgment on the pleadings is properly granted when the moving party's right to prevail is so clear that "a trial would clearly be a fruitless exercise." *Goldman v. McShain*, supra at 68, 247 A.2d at 458; *Bata v. Central-Penn National Bank of Philadelphia*, supra at 378, 224 A.2d at 178.

Appellant's sole contention is that the appellee has the burden of establishing that the exclusion from coverage was explained to him.[3] Because this assertion requires proof outside the pleadings, the appellant maintains that the motion for judgment on the pleadings was improperly granted. Appellant relies on *Hionis v. Northern Mutual Insurance Company*, 230 Pa. Superior

---

3. In his reply to new matter, the appellant asserted that Prudential's agent, Martin Birnbaum, represented that other medical benefits received would not be deducted from amounts received under this policy. The lower court determined that the agent was without authority to bind Prudential to this representation. In his appeal, the appellant does not contest this conclusion.

Ct. 511, 517, 327 A.2d 363, 365 (1974), where we stated: "... Even where a policy is written in unambiguous terms, the burden of establishing the applicability of an exclusion or limitation involves proof that the insured was aware of the exclusion or limitation and that the effect thereof was explained to him. See e.g., *Frisch v. State Farm Fire and Casualty Co.*, 218 Pa. Superior Ct. 211, 275 A.2d 849 (1971); *Purdy v. Commercial Union Insurance Co. of New York*, 50 Pa. D. & C. 2d 230, 235 (1971)."

The general rule governing the construction of insurance policies is well-settled: "an insurance policy is to be construed most strongly against the insurer and liberally in favor of the insured so as to effect the dominant purpose of indemnity or payment to the insured, but this is where the terms of the policy are ambiguous or uncertain and the intention of the parties is therefore unclear. See, e.g., *Cadwallader v. New Amsterdam Casualty Co.*, 396 Pa. 582, 152 A.2d 484 (1959); *Beley v. Mutual Life Ins. Co.*, 373 Pa. 231, 95 A.2d 202 (1953); 43 Am. Jur. 2d §271." *Penn Air, Inc. v. Indemnity Insurance Company of North America*, 439 Pa. 511, 517, 269 A.2d 19, 22 (1970).[4] See also *Celley v. Mutual Benefit Health and Accident Association*, 229 Pa. Superior Ct. 475, 324 A.2d 430 (1974); *Slate Construction Company v. Bituminous Casualty Corporation*, 228 Pa. Superior Ct. 1, 323 A.2d 141 (1974). Specifically, exceptions to an insurer's general liability are to be strictly construed against the insurer. See e.g., *Slate Construction Company v. Bituminous Casualty Corporation*, supra; *Frisch v. State Farm Fire & Casualty Company*, 218 Pa. Superior Ct. 211, 275 A.2d 849 (1971).

---

4. In *Penn-Air*, our Supreme Court found no ambiguity and stated: "We find no ambiguity in the clause before us, and, as the United States Court of Appeals for the 9th Circuit put it, 'Courts do not resort to forced construction in order to fasten liability upon an insurer which, by the terms of the policy, it has not assumed.' *Standard Accident Ins. Co. v. Winget*, 197 F.2d 97 (9th Cir. 1952)." *Penn-Air, Inc. v. Indemnity Insurance Company of North America*, supra, at 517.

In *Hionis v. Northern Mutual Insurance Company*, supra, the appellee sought insurance to protect him against loss to improvements made to his restaurant. His agent secured an insurance policy that provided for total reimbursement if the improvements were replaced, but only partial reimbursement if they were not. We construed the insurance policy to cover the total loss despite the fact that the appellee did not replace the improvements. In reaching this result, we noted that "[t]he plaintiff herein was a layman of apparently average intelligence· whose only objective in obtaining insurance was the security of protecting the financial expenses he had incurred in furnishing, improving and bettering the leased premises. His corroborated testimony indicates full trust in the agent's accomplishment of those purposes." *Hionis v. Northern Mutual Insurance Company*, supra, at 517, 327 A.2d at 365-366. We further noted that the language of the disputed clause was couched in technical and unclear terms, and that confusion as to coverage resulted upon reading the policy as a whole. Under these circumstances, we held that the insurance company should not be able to *avoid coverage* unless they established that the insured was aware of the exclusion.

The instant case, however, differs from *Hionis* in several significant respects. First, the appellee had basic medical expense protection through his Blue Cross and Blue Shield policy. Purchasing a "major medical" expense policy, under these circumstances, is not intended to duplicate this coverage. Rather, it is intended to expand one's health protection beyond the confines of the basic Blue Cross and Blue Shield program. In most instances, this coverage is necessary to handle the extraordinary expenses that occur as a result of prolonged illness or injury. Appellee's intent in securing this policy, therefore, must have been to expand coverage, not to duplicate it. Second, the application for this policy required disclosure of other medical in-

surance. The appellant, therefore, was put on notice of the possibility of a deduction for identical benefits. Third, the language of the policy is clear and unambiguous in declaring that other medical benefits will be deducted from eligible benefits under this policy. Finally, the lower court found that the instant policy clearly calls the insured's attention to the existence of the deductibility of other medical expenses benefits.

The appellant's major medical policy on its face covered his medical expenditures. The policy, however, provided for an *exception* to payment if the insured was otherwise reimbursed from other medical insurance policies. Because the appellant has already received full compensation for his medical expenses, it would be inequitable to require Prudential to demonstrate affirmatively that the insured was aware of the exception and had its effect explained to him. Under the circumstances of this case, such knowledge should be imputed to the appellant.

Order affirmed.