## Rothfeld v. Mutual of Omaha Insurance Company

*Frederick T. Lachat, Sr.,* for plaintiff.
*Allan H. Starr,* for defendant.

BULLOCK, *J.,* October 6, 1980—These three cases were assigned for trial on September 10, 1980. Following a pretrial conference at which counsel raised legal issues, plaintiff, at the court's suggestion, filed a motion for summary judgment, at which time both sides submitted legal memoranda.

These suits arise out of a dispute over the coverage of an accident and health insurance policy purchased by plaintiff from defendant in 1963. Plaintiff suffered a myocardial infarction in September 1971 for which defendant paid the medical expenses. Plaintiff was again hospitalized for a "silent" myocardial infarction in 1974, 1976, and 1977. As a result of defendant's refusal to pay the medical expenses connected with these three hos-

pitalizations, plaintiff has instituted these three actions.

Defendant's refusal to pay benefits is based on the following language in the subject policy:

"RECURRENT SICKNESS PROVISION

"If, following a Benefit Period or following a term for which benefits were paid during a Benefit Period, the person for whom the expense was incurred shall incur no expense for six (6) consecutive months for a sickness that is of the same or related causes as the sickness for which benefits were previously paid, but shall thereafter incur expense for said sickness, the company shall consider the expense to be for a new sickness Benefit Period and benefits therefor shall be payable as provided in Part 'C'."

Defendant contends that plaintiff did not have the requisite six-month interval from treatment before each of the hospitalizations in question.

Plaintiff relies on the case of Hionis v. Northern Mutual Insurance Co., 230 Pa. Superior Ct. 511, 327 A. 2d 363 (1974), to support her claim that summary judgment in her favor is appropriate. In Hionis, the Superior Court held at p. 517 that: "Even where a policy is written in unambiguous terms, the burden of establishing the applicability of an exclusion or limitation involves proof that the insured was aware of the exclusion or limitation, and that the effect thereof was explained to him."

In this case, it is conceded by defendant that since the insurance agent is dead, it has no evidence to rebut plaintiff's statement (plaintiff's deposition) that the provision in the policy was never explained to her. The question then becomes whether this provision is an "exclusion or limitation" within the ambit of Hionis.

Defendant argues that the provision is not an exclusion since the policy provides a maximum of $10,000 for each different sickness, and the recurrent sickness provision provides additional coverage for the same sickness if there has been the requisite six-month period in which no cost for treatment was incurred. It further contends that the provision cannot be considered an exclusion because the language of the provision repeatedly includes the word "benefit(s)." We do not agree with this contention.

The phrase "exclusion or limitation," we believe, was intended to refer to any provision in a policy which described circumstances under which the general coverage was inapplicable. Thus, in a health policy requiring annual premiums, any language outlining circumstances under which a person could not collect for illness would fall within this language. We believe that the Superior Court used the word "limitation" in addition to the word "exclusion" to make it clear that the ruling was not confined to provisions of a policy referred to in the policy as "exclusions." Plaintiff herein bought a policy to cover general illness. Defendant contends that some of her medical expenses are excluded from her coverage. We believe this defense falls within the rule of Hionis.

Defendant next argues that, assuming arguendo that Hionis does apply, the provisions of the policy are so "clear, unambiguous and non-technical" that, under Miller v. Prudential Insurance Co. of America, 239 Pa. Superior Ct. 467, 362 A. 2d 1017 (1976), it would be inequitable to apply the Hionis requirements. With this contention, we also do not agree. The language of this policy, as in many other insurance policies, is a model of obfuscation. To

determine the coverage for sickness under Part G, one must refer back to Part A to find the definition of sickness, which definition then refers to yet another section of the policy. Moreover, the provision relating to the commencement of the six-month hiatus here in question is anything but clear and unambiguous. Does the period commence six months after the last payment or six months after two years from the first payment? Defense counsel himself appeared to be in doubt as to the answer. In addition, the fact that the six-month limitation is not listed as an "exclusion" in the policy, but is included in the benefit section, is itself an example of the policy's lack of clarity. We do not believe the average citizen could be expected to understand much of the policy.

In addition, we find an important factual distinction between this case and Miller. Miller involved an attempt by plaintiff to recover expenses that had already been paid by Blue Cross. Unlike Miller, there is no suggestion of unjust enrichment in this case; if plaintiff is denied coverage in this case, she has to pay substantial medical bills. We, therefore, conclude that the Miller exception to the Hionis rule is inapplicable to this situation. Since defendant concedes that it cannot meet the requisite burden of showing that the subject provision was explained to plaintiff, it cannot rely on this provision as a defense to plaintiff's claim for payment. There being no other defense, we hereby grant plaintiff's motion for summary judgment.

Counsel by letter have submitted to the court agreed upon figures representing the cost of the three hospitalizations herein. Defendant, however, contends that no interest upon these amounts should be awarded. Since the bills are definite

amounts and plaintiff's claim, therefore, is for liquidated damages, we see no reason why the usual interest should not be awarded.

For the foregoing reasons, we have already entered judgment in all three cases for plaintiff against defendant.

## DeMatteo Estate

*Hammer and Pollins,* for executrix.
*James W. Bruce,* for claimant.

McCORMICK, *J.,* October 22, 1980 — This matter comes before the court upon exceptions to order of