426 A.2d 142

**Diana MITCHELL, Appellant,**

v.

**John McKINNIS.**

Superior Court of Pennsylvania.

Argued April 16, 1980.

Filed Feb. 20, 1981.

■■■■■■■■

M. DeBord, New Castle, for appellant.

Robert H. Isbell, New Castle, for appellee.

Before PRICE, BROSKY and MONTGOMERY, JJ.

PER CURIAM:

The appellant, owner of record of a 1972 Dodge Coronet Sedan, deposited her car for repair at appellee's place of residence. When the repair bill remained unpaid, appellee refused to surrender possession of said vehicle. Appellant filed an action in Replevin and a motion for a writ of seizure to recover her vehicle. She also filed, at that time, a replevin bond for one thousand dollars ($1,000). The sheriff seized the vehicle, and thereafter a hearing was held pursuant to Pa.R.C.P. 1075.2(c)[1] to determine which party had superior possessory rights.

At the hearing before the Honorable John Henderson, on March 27, 1979, the appellee asserted an artisan's lien as a defense and counterclaim. On the basis of this lien, the lower court found that appellee had been entitled to possession when the Sheriff seized the vehicle. Therefore, the appellant could not recover damages for loss of use, bond premium, or attorney's fees. However, she was entitled to immediate possession of her vehicle, subject to her duty to pay the lien. The lower court entered a conditional verdict

1. Pa.R.C.P. 1075.2 Ex Parte Issuance of Writ of Seizure
   (c) If a writ has been issued and the property has been seized, a hearing shall be held within seventy-two (72) hours after the seizure of the property. The notice of the hearing shall be substantially in the form provided by Rule 1353. It shall inform the defendant and any other person found in possession of the property of the place, date, and time of the hearing. Service of the notice shall be in the manner provided by Rule 1075.1(d).

for appellee, as required by Pa.R.C.P. 1082(b),[2] referring the case to a panel of Arbitrators to establish the amount of the lien. The trial judge further ordered that the amount of the lien as determined by the arbitrators be paid to the appellee from the bond posted by appellant.

On June 19, 1979, appellee, without notifying appellant, presented a motion for attorney's fees to the Honorable John A. Cherry, Senior Judge, then assigned to Lawrence County. The court awarded attorney's fees in the amount of three hundred dollars ($300.00). Subsequently, appellant filed a motion requesting that the Order of Court granting attorney's fees be vacated. Her motion was denied on July 3, 1979. It is from such denial that this appeal ensues.

■ The instant appeal thus raises the single issue of the propriety of allowance of counsel fees in a replevin action where possession was awarded to the plaintiff, subject to a conditional judgment for the defendant in the amount of his lien.

It is firmly settled in this Commonwealth that expenses of litigation, including attorney's fees, are not recoverable as damages or costs from an opponent, unless expressly authorized by statute or by agreement. See *Westinghouse Electric Corp. v. Int'l Union of Elec. Radio and Mach. Workers, AFL–CIO–CLC*, 262 Pa.Super. 315, 396 A.2d 772 (1978), *Commonwealth v. Opara*, 240 Pa.Super. 511, 362 A.2d 305 (1976), *Chatham Communications, Inc. v. General Press Corp.*, 463 Pa. 292, 344 A.2d 837 (1975).

Recognizing this fact, the appellee relies upon statutory authorization, specifically Pa.R.C.P. 1075.3. This statute provides:

"b) The plaintiff's bond shall be in double the value of the property averred in the complaint with security approved by the prothonotary, naming the Commonwealth as obligee, conditioned that if the plaintiff fails to maintain his right to possession of the property he shall pay to the

**2.** Pa.R.C.P. 1082 Counterclaim Lien. Conditional Verdict. (b) If any party is found to have a lien upon the property, the court may enter a conditional verdict in order to enforce the rights of all parties.

party entitled thereto the value of the property and all legal costs, fees and damages sustained by reason of the issuance of the writ."

Appellee contends that since he had been properly in possession of the vehicle by virtue of his artisan's lien, appellant had failed to "maintain her right to possession of the property" within the meaning of Pa.R.C.P. 1075.3, and was consequently required to pay to the party entitled to possession, the appellee, all legal costs, fees, and damages sustained by reason of the insurance of the writ.[3]

We disagree. The extent to which appellant must "maintain possession" according to Pa.R.C.P. 1075.3, is delineated in Pa.R.C.P. 1075.2(d). Therein, the court is instructed to determine:

"... whether the plaintiff has established the probable validity of his claim to possession and of the grounds for the ex parte issuance of the writ. If the court has determined that plaintiff has established such validity, it shall enter an order confirming the ex parte issuance of the writ.

(1) If the plaintiff fails to establish his probable right of possession the court shall vacate the writ and the property shall be returned to the person from whom it was taken. Thereafter, subject to the payment of expenses as hereinafter provided, the action shall proceed as if no writ of seizure had been issued." Pa.R.C.P. 1075.2(d).

In the instant case, the writ was not vacated and the vehicle was not returned to appellee. Therefore, we must conclude that the lower court was sufficiently convinced of appellant's probable right to possession as well as the grounds for an ex parte issuance of the writ in this case. Such proof precludes any allowance of attorney fees under the above

3. What appellee fails to understand is that the advancement of a successful lien is not in derogation of a successful replevin action. As noted in Goodrich-Amram 2d § 1082(b).1:

"A defendant lienor cannot 'win' from the plaintiff; he can only receive an adjudication that he has a lien on the goods in the designated amount, on which he may recover against the plaintiff's bond."

cited rule. It is reasonable to assume, although not stated in the opinion of Judge Henderson, that this was why he permitted the case to proceed to arbitration without making any provision for the payment of attorney fees to the appellee by the appellant.

■ While the appellee may have properly been in possession at the time of the seizure, he had no choice but to surrender the vehicle upon being presented with the writ of seizure. When faced with a similar factual situation in the past, this court stated:

"... if the defendant intended to stand upon a lien he had no right to give a counterbond and keep possession, *for his lien was fully protected by the plaintiff's bond.*" *Wensel v. Reed,* 161 Pa.Super. 488, 489, 55 A.2d 548, 549 (1947) (citations omitted) (emphasis added).

Thus, upon pleading the defense of an artisan's lien, the defendant must immediately deliver the vehicle to the owner-plaintiff without waiting for verdict. After fully examining all of the relevant procedural rules, we fail to find therein any authorization for a court to award counsel fees to a successful claimant of a lien on the property recovered by a successful plaintiff.

The order of Judge Cherry allowing attorney fees to appellee is, therefore, reversed.