## McKenzie v. Nationwide Insurance Company

*Jon A. Barkman,* for plaintiff.
*Daniel W. Rullo,* for defendant.

COFFROTH, *P.J.,* November 10, 1981—These declaratory judgment actions are here on plaintiff's preliminary objections to defendant Nationwide Insurance Company's counterclaims against plaintiff for a reasonable attorney's fee under §107(2) of the Pennsylvania No-fault Motor Vehicle Insurance Act (40 P.S. 1009.101 et seq). The questions at issue are these:

(1) Is §107(2) authorizing an award to the no-fault obligor (insurer) against the claimant (victim), of a reasonable attorney's fee when it is judicially determined that "the claim or any significant part thereof is fraudulent or so excessive as to have no reasonable foundation," applicable to the victim's declaratory judgment proceeding against all possible insurers to determine which insurer is the responsible no-fault obligor?

(2) If so, is plaintiff's declaratory judgment claim against defendant Nationwide without reasonable foundation?

## FACTS

On August 7, 1978, plaintiff victim, a resident of Maryland, was operating a motor vehicle in Bedford County, Pa. when he was injured in a collision with another vehicle; plaintiff's vehicle was uninsured although his other vehicles were covered by a Maryland no-fault policy issued by Erie Insurance Company, and the other vehicle in the collision was from Ohio whose no-fault carrier was defendant Nationwide. Plaintiff filed in Somerset County a declaratory judgment action to no. 352 Civil 1980 above captioned against Nationwide, INA,

Pennsylvania Assigned Claims Plan and ESIS, Inc., alleging that all had refused payment of no-fault benefits, for a determination of liability under §204 of the No-fault Act and for attorney's fee and costs under §107. Erie Insurance Company was brought in as an additional defendant.

On August 19, 1978, 12 days after the first accident, plaintiff was again injured in a collision between two vehicles in Somerset County, Pa.; plaintiff was operating a Pennsylvania vehicle with no-fault coverage with Erie and the other vehicle was a Pennsylvania no-fault insured with defendant Nationwide. Plaintiff then brought the second declaratory judgment action in this county to no. 373 Civil 1980 above captioned against Erie, Nationwide and Pennsylvania Assigned Claims Plan alleging that all defendants had refused to pay no-fault benefits, and seeking the same relief as in no. 352 supra.

Thereafter, Erie assumed no-fault liability in both cases and plaintiff discontinued his part of these declaratory judgment actions without affecting, however, Nationwide's counterclaims for attorney's fee which are now before the court. In addition, plaintiff filed tort actions against the tortfeasors in both collisions which are still pending.

## DISCUSSION

Section 107(2) of the No-fault Act, 40 P.S. §1009.107(2), provides as follows:

"(2) *If in any action by a claimant to recover no-fault benefits from an obligor, the court determines that the claim or any significant part thereof is fraudulent or so excessive as to have no reasonable foundation, the court may award the*

*obligor's attorney a reasonable fee based upon actual time expended.* The court, in such case, may direct that the fee shall be paid by the claimant or that the fee may be treated in whole or in part as an offset against any benefits due or to become due to the claimant." (Emphasis added.)

Nationwide does not assert that plaintiff's claims against it are fraudulent; but it does assert that Erie's no-fault liability was and is clear under the terms of its policy with plaintiff and under No-fault Act §204 ("Source of Basic Restoration Benefits"), and that plaintiff's declaratory judgment actions as to Nationwide therefore lack any foundation.

It is the fixed rule in Pennsylvania that counsel fees are not recoverable from the opponent in litigation unless there is a clear agreement, or an authorizing statute, or other established exception to the general rule: Mitchell v. McKinnis, 284 Pa. Superior Ct. 469, 426 A. 2d 142, (1981); Gary v. Masterson et al, 38 Somerset 347, 376-7(1979), and cases therein cited; Judicial Code §2503. Here, the claim for counsel fee is based on a statute; but since statutes imposing liability for counsel fees do so as a penalty for some sort of wrongful conduct, as does §107 of the No-fault statute, they are penal in nature and must be strictly construed, resolving ambiguities of language against the claim. See: CJS, Damages §50 at note 43.30; 1 Pa.C.S.A. §1928(b)(1).

There is such a problem of construction here in the word "excessive" in §107(2) supra. That provision obviously covers the case where excessiveness of the amount claimed is the heart of the wrong; but, does it also cover the case where the amount claimed is not excessive but the claim is entirely without foundation for some other legal reason un-

related to excessiveness? Had the legislature intended the latter, it would have allowed counsel fees for a claim made without reasonable foundation, omitting the words "so excessive." To give full effect to all of the language of the subsection, and to construe it strictly against allowance of the penalty, as we must, we hold that §107(2) does not apply to a declaratory judgment action to determine liability as between several possible insurers unless shown to be fraudulent. This result is consistent with the general purposes of the act to maximize the victim's recovery. See Act §102(a).

Accordingly, we answer the first question posed at the outset of this discussion in the negative, which eliminates any need to answer the second question there posed.

### ORDER

Now, November 10, 1981, plaintiff's preliminary objections to defendant Nationwide Insurance Company's counterclaims for attorney's fee are sustained and said counterclaims are dismissed.