## Bowers v. Valley Mutual Insurance Co.

*Thomas B. Steiger, Jr.,* for plaintiffs.
*William A. Addams,* for defendant.

EPPINGER, *P.J.,* June 24, 1983 — Plaintiffs, Harold E. and Dorothy J. Bowers, own a mobile

home insured by defendant, Valley Mutual Insurance Company. The mobile home is heated by kerosene stored in a tank at the rear of the home. While the tank was being filled by an employee of Bock Oil Company on November 3, 1981, plaintiff, Mrs. Bowers, inside the home, heard a hissing or gushing sound which was the result of kerosene escaping from a hole in the tank. The kerosene flowed underneath the mobile home and was absorbed and retained by the dirt under the home. The odor permeated the home and three pieces of furniture. Since plaintiffs were unable to clear the mobile home of the odor of kerosene, they abandoned their home and bought a new mobile home which they installed on the same real estate. Plaintiffs were able to sell the damaged furniture but as yet have been unable to sell their home.

Plaintiffs seek to recover under the policy alleging that the hole in the tank was the result of an explosion caused by the filling of the tank. Defendants allege that the hole was not the result of an "explosion" as defined under the policy. No general definition for "Explosion" is given in the policy; rather particular kinds of explosions are merely listed. Since the particular facts of this case do not fit into one of the enumerated exclusions or inclusions, case law must be used to interpret "explosion."

The Court of Common Pleas, No. 6 of Philadelphia County in Fifteen Twenty-six, Inc. v. American Eagle Fire Insurance Company of New York (No. 2), 21 D.&C. 2d 583 (1959) held that the word "explosion" is used in various ways, having no fixed and ordinary meaning. In an insurance policy "explosion" must be taken in its popular sense as understood by ordinary men. Id. The Circuit Court of Appeals, Third Circuit, in Westchester Fire Insur-

ance Company of New York v. Chester-Cambridge Bank & Trust Co., 91 F.2d 609, 611 (1937), held:

"If there is any doubt or ambiguity in the conditions of a policy of insurance, they should be resolved against the insurer and in favor of the insured."

Even though the policy is to be construed against the insurer, the insured has not met his burden of proof by showing that an explosion, as understood by ordinary men, is what occurred.

"The possibilities (for the explosion) are many, limited only by the fertility of one's imagination. The burden of proof resting upon the plaintiff is not sustained by guesses, conjectures, speculations, nor is the liability of the defendant determined thereby." Allen v. Insurance Co. of North America, 175 Pa. Super. 276, 285, 104 A.2d 185 (1954).

The expert witness in this case testified that the hole in the kerosene tank may have been caused by the malfunction of the air pressure release valve, by the tank being filled quickly, by too much liquid being pumped into the tank or by the condition of the tank. Even if plaintiffs had proven which of the above theories is applicable in this case, it is not clear that the incident could be termed an "explosion."

Plaintiffs also allege they are entitled to recovery under the bench mark case of Hionis v. Northern Mutual Insurance Company, 230 Pa. Super. 511, 327 A.2d 363, 365 (1974), in which the Superior Court stated.

"Even where a policy is written in unambiguous terms, the burden of establishing the applicability of an exclusion or limitation involves proof that the insured was aware of the exclusion or limitation and that the effect thereof was explained to him."

Such a defense is an affirmative one and the burden is upon the defendant to establish it. Id.

Although defendant proved that one of plaintiffs read the policy, it did not meet its burden of proving that the plaintiffs either had the policy explained to them or understood it.

The policy holder does not have a duty to read the policy unless under the circumstances it is unreasonable not to read it. Rempel v. Nationwide Life Insurance Co., Inc., 471 Pa. 404, 370 A.2d 366 (1977). Even if the insured does not read the policy, insurance companies use lengthy and complex language which forces the insured to rely upon the oral representations of the insurance agent. Collister v. Nationwide Life Insurance Co. 479 Pa. 579, 388 A.2d 1346 (1978), cert. denied 439 U.S. 1089 (1979). Courts are concerned with fulfilling the reasonable expectations of the insured because the public has a right to expect that they will receive something of comparable value in return for the premium paid. Id. Courts will even allow reformation of a contract where to do so would cause the insurance contract to coincide with the reasonable expectations and beliefs of the insured. Rempel, supra.

There are two exceptions to the doctrine set forth in Hionis, supra.

"[W]here the insurer and the insured are on comparable footing and able to negotiate the terms fairly, Hionis does not apply." Kalathas v. Lititz Mutual Insurance Co., 6 Franklin Co. L. J. 8, 22 (1982).

Mr. Bowers having received a 7th grade education and being a laborer and Mrs. Bowers having received a 9th grade education and being a factory worker cannot be said to be on equal footing with the Valley Mutual Insurance Company.

"The second exception to Hionis was promulgated by the Superior Court of Pennsylvania in Miller v. The Prudential Insurance Company of

America, 239 Pa. Super. 467, 362 A.2d 1017 (1976), where the facts demonstrated that the insured clearly understood the terms of the exclusion independent of any explanation offered by the insurer. The two necessary factors to establish this exception to Hionis are: (1) the terms and structure of the policy must clearly explain the exclusion on which the insurer intends to rely and (2) the evidence must establish that the insured had notice of the exclusion from a source of information outside the policy." Id.

A reading of the policy reveals that the average layman untrained and unskilled in insurance matters would probably not understand the specific exclusion for "explosion." Defendant did not present any evidence showing that the plaintiffs understood the policy from an outside source of information. The exceptions to Hionis do not apply to the case at bar.

The extent of the damages have been stipulated and are not in dispute in this case. Therefore, the plaintiffs are entitled to recover the amount of those damages from the defendant.

Plaintiffs are also claiming as an item of damage the amount of their counsel fees. It is the fixed rule in Pennsylvania that counsel fees are not recoverable from the opponent in litigation as an item of compensable damages unless there is clear agreement, authorizing statute, or other clear established exceptions to the general rule. Mitchell v. McKinnis, 284 Pa. Super. 469, 426 A.2d 142 (1981).

42 Pa. C.S.A. §2503 (7) provides:

The following participants shall be entitled to a reasonable counsel fee as part of the taxable costs of the matter:

(7) Any participant who is awarded counsel fees as a sanction against another participant for dila-

tory, obdurate, or vexatious conduct during the pendency of the matter.

Plaintiff has the burden of proof by a preponderance of the evidence that the conduct of defendant was dilatory, obdurate, or vexatious during the pendency of the suit. If the evidence offered by plaintiff does not fairly preponderate in favor of plaintiff's claim, he has failed to carry his burden of proof.

"Vexatious has been defined as 'instituted without sufficient grounds and serving only to cause annoyance.' " Citation omitted. "Bad faith, as that term has been defined, is 'fraud, dishonesty, or corruption.' " Citation omitted. "Additionally, the word 'arbitrary' means 'based on random or convenient selection or choice rather than on reason or nature.' " Citation omitted. In Re Estate of Roos, 305 Pa. Super. 86, 451 A.2d 255, 259 n. 2 (1982).

The court in Boyer v. Hicks, 19 D.&C. 3d 300, 305 (1981) defined "dilatory" as "tending or having the intent to cause delay," "vexatious" as "lacking justification and intended to harass," and "obdurate" as "resistant to persuasion or softening influences: inflexible, unyielding."

Plaintiffs have not met their burden of proving either of these three existed and are not entitled to recover counsel fees.

Plaintiffs instituted this action as one for a declaratory judgment. After a pretrial conference before Judge John W. Keller, the court made a pretrial memorandum of the matters agreed upon or issues defined. Among the matters agreed upon was that plaintiffs' complaint should be amended to provide that the action will be in assumpsit. When plaintiffs filed an amended complaint, it was in two counts, the first for a declaratory judgment and the second in assumpsit. The matter is appropriately an action in assumpsit and the count for a declaratory judgment violates the terms of the stipulation.

## ORDER OF COURT

June 24, 1983, the court orders that plaintiffs, Harold E. and Dorothy J. Bowers, are entitled to the full amount of coverage under their insurance policy No. NA 010689, renewal number 003710 with defendant, Valley Mutual Insurance Company, less the resale value of the furniture. A verdict is entered for plaintiffs and against defendant for the sums of $1200 for the loss of the mobile home, $500 for the loss of the porch, $120 for the loss of the furniture, plus interest and costs.