464 A.2d 501

**J. Joseph DANYO, M.D., Appellant,**

v.

**ARGONAUT INSURANCE COMPANIES.**

Superior Court of Pennsylvania.

Argued March 25, 1981.

Filed Aug. 12, 1983.

William B. Anstine, Jr., York, for appellant.

Robert A. Lerman, York, for appellee.

Before PRICE *, WIEAND and LIPEZ, JJ.

LIPEZ, Judge:

J. Joseph Danyo, M.D., plaintiff below, appeals from the lower court's grant of defendant Argonaut Insurance Companies' (Argonaut) motion for summary judgment in this suit on a professional liability insurance policy. He contends that the court erred in finding that Argonaut had no obligation under the policy to defend him in an action by a patient's attorney for damages for loss of a contingent fee due to Dr. Danyo's negligence in failing to prepare a proper medical report and to testify as agreed regarding the medical condition of the patient. We agree that this finding was erroneous.

The facts of the case are not in dispute. Argonaut issued a professional liability insurance policy to Dr. Danyo which provided, *inter alia,* that Argonaut would defend Danyo in any suit seeking damages for injury arising out of his rendering or failure to render professional services. While this policy was in full force and effect, Danyo was sued by Allen H. Smith, an attorney who had previously represented one of Danyo's patients in a suit for damages for personal injuries suffered in an automobile accident. Smith's suit claimed that Dr. Danyo had been negligent in failing to render professional services, specifically, in failing to prepare proper medical reports and to testify as agreed with regard to the causes of his patient's injuries. Smith sought damages, alleging that as a result of this negligence, he had lost the personal injury suit and, consequently, his contingent fee. Danyo notified Argonaut of the institution of this suit in accordance with the requirements of the insurance policy, but Argonaut refused to provide a defense for him, with the result that Danyo incurred expenses of $1,567.35 in the successful defense of the action.

* PRICE, J. did not participate in the consideration or decision of this case.

In granting Argonaut's motion for summary judgment, the lower court found the suit instituted by Smith to be outside the scope of the policy's coverage because the word "injury" as used in the policy did not contemplate the loss of a contingent fee by a lawyer representing a patient of the insured. In making this finding, the court focused on the following language in the insurance agreement:

The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of: injury arising out of the rendering of or failure to render, during the policy period, professional services by the individual insured ... and the company shall have the right and duty to defend any suit against the insured seeking such damages, even if any of the allegations of the suit are groundless, false or fraudulent ....

We see nothing in this language which can fairly be construed to limit the meaning of the word "injury" so as to exclude the type of loss suffered by attorney Smith. Indeed, words which might have been used to place limits upon the types of injury covered by the policy are conspicuously absent. The policy does not restrict its coverage to *personal* injury, for example, nor does it indicate that the right and duty to defend a lawsuit is limited to suits brought by a patient or his representative. Rather, the policy uses words which imply that the language is to be broadly construed. It covers all injuries "arising out of" the insured's rendering or failure to render professional services, and the company agrees to defend "any" suit against the insured seeking damages for such injuries. In light of this language, we cannot agree with the lower court that it is at all clear that defense of a suit like the one brought by Smith was beyond the contemplation of the parties. Because of this ambiguity as to the types of injuries covered by the policy and the extent of Argonaut's duty to defend, we must construe the policy strongly against the insurer and liberally in favor of the insured so as to effect the dominant purpose of the contract: indemni-

ty. *Patton v. Patton,* 413 Pa. 566, 593, 198 A.2d 578, 582 (1964); *Miller v. Prudential Insurance Co.,* 239 Pa.Super Ct. 467, 472, 362 A.2d 1017, 1020 (1976). Accordingly, we will construe the policy so as to include within the term "injury" the type of loss suffered by attorney Smith and thus to include within the types of suits which Argonaut is required to defend actions like the one brought by Smith against Dr. Danyo.

Argonaut argues further, however, that even if Smith's loss is an injury within the meaning of the contract, it was not covered because it was due to Dr. Danyo's failure to prepare reports and to testify in court. These services, Argonaut claims, are not "professional services" covered by the contract. We disagree. Although the policy does not define professional services, it is clear that the intended scope of the term goes beyond the actual treatment of patients, for the insurance agreement explicity provides that Argonaut will indemnify the insured for liability for:

> injury arising out of the rendering of or failure to render ... professional services by the individual insured ... performed in the practice of the individual insured's profession ... *including service by the individual insured as a member of a formal accreditation or similar professional board or committee of a hospital or professional society* [emphasis added].

The policy itself thus supports Dr. Danyo's argument that professional services go beyond the actual treatment of patients. Moreover, by using the word "including" in referring to service on boards or committees as professional services, the policy implies the existence of a range of other services, not enumerated, which fall within the policy's coverage. It fails, however, to specify in either that clause or the exclusions from liability any limitations as to the coverage of nontreatment services. Consequently, there is much room for reasonable minds to differ in the interpretation of the term "professional services". In the face of this ambiguity, we must again interpret the policy liberally in favor of the insured. Since the reports and testimony

which were the subject of Smith's lawsuit had value in court only because of Dr. Danyo's professional status, his medical knowledge and experience, and his doctor-patient relationship with Smith's client, we conclude that the preparation of the reports and the rendering of testimony were, in that context, professional services within the coverage of the policy issued by Argonaut. Accordingly, we find that Argonaut was obligated to provide a defense for Dr. Danyo in that suit and that Danyo is entitled to the stipulated damages for Argonaut's failure to do so.

The order of the lower court is vacated and the case is remanded with instructions to enter judgment in favor of the plaintiff, J. Joseph Danyo, M.D. Jurisdiction is relinquished.