**Householder v. Nationwide Mutual Insurance Co.**

*Ahmed T. Azia,* for plaintiff.
*Tracey Garland Vinson,* for defendant.

REED, *P.J.,* January 24, 1986—The issue before this court is whether or not a no-fault automobile insurance policy provides coverage for damage to a garage when the insured ran into the garage with her automobile. The relevant facts in this matter have been stipulated to by the parties. Plaintiff drove her car into the garage of the residence she was in the process of buying and incurred, in addition to damages to the car, damages to the garage in the amount of $1,256. At the time of this accident plaintiff had a no-fault automobile insurance policy with defendant company which was in full force and effect. The garage at this time, along with the adjacent residence, was the subject of an executory real estate sales contract whereby plaintiff was purchasing the property. Although the closing of this real estate sale had not yet occurred, plaintiff was already residing on the property and, pursuant to specific terms in the sales contract, plaintiff was making monthly payments to the seller for the privilege of possessing the property before the sale was completed.

Plaintiff claims that coverage is provided by her policy with defendant for the damage to her garage due to the fact that she was renting the residence and garage at the time of the accident. Defendant company contends that such damage is not covered by virtue of the fact that plaintiff had equitable title to the property at that time under the sales contract and therefore she owned the garage. The policy between the parties reads in pertinent part as follows:

"Auto Liability (for damage or injury to others caused by your auto)

"Coverage

"Property Damage & Bodily Injury Liability Coverage

"Under this coverage, if you become legally obligated to pay damages resulting from the ownership, maintenance, use, loading or unloading of your auto, we will pay for such damages.

• • •

"Coverage Exclusions

"This auto property damage and bodily injury liability insurance does not apply as follows:

• • •

"4. It does not cover damage to any property you own or have in your custody, *except a rented residence or rented private garage.* (Emphasis added.) Defendant's exhibit 1, pp. 4-6.

Defendant first contends that coverage does not exist because the claimed damages do not fall within the policy's initial auto liability coverage statement. Specifically, defendant asserts that plaintiff had equitable title to the garage and therefore could not become legally obligated to pay for the damage to the garage. Furthermore, defendant contends that plaintiff's equitable title constituted ownership of the property and such ownership causes an exclusion of coverage under the express terms of the policy.

We agree with defendant that plaintiff held equitable title to the garage at the time of the accident as a result of the real estate sales contract. There were no conditions precedent in the sales contract to prevent the passing of equitable title upon the parties entering into the contract. Allardice v. McCain, 375 Pa. 528, 101 A.2d 385 (1953), Byrne v. Kanig, 231 Pa. Super. 531, 332 A.2d 472 (1974). This finding

would dictate a finding for defendant in this matter based on the initial auto liability coverage statement in the policy were it not for the ambiguity created by the wording of the subsequent coverage exclusion paragraph in defendant's policy.

The general rule governing the construction of insurance policies is well settled: an insurance policy is to be construed most strongly against the insurer and liberally in favor of the insured so as to effect the dominant purpose of indemnity or payment to the insured. Specifically, exceptions to an insurer's general liability are to be strictly construed against the insurer. Miller v. Prudential Insurance Co. of America, 239 Pa. Super. 467, 472, 362 A.2d 1017, 1020 (1976).

In the instant case, paragraph four under auto liability coverage exclusions in defendant's policy does not expressly address damage to property for which the insured has equitable title, but only refers to damage to property "owned" by the insured. Since words in such contracts are given their plain and popular meanings, Ranieli v. Mutual Life Insurance Co. of America, 271 Pa. Super. 261, 270, 413 A.2d 396, 400 (1979), the exclusion for property "owned" by the insured must be limited to property for which the insured has legal title. Furthermore, the policy expressly states that a rented residence or rented private garage are not excluded from coverage. Despite the fact that the terms regarding plaintiff's monthly payments to the seller in exchange for possession of the property prior to the closing were in the sales agreement and not in a separate rental agreement, the situation constituted a rental of the property. Insurance policies are, in essence, contracts of adhesion and any ambiguities or uncertainties in language are construed strictly

against the insurer and in favor of coverage. Ranieli, supra, at 270.

Finally, the burden of establishing the applicability of an exclusion or limitation of coverage involves proof that the insured was aware of the exclusion or limitation and that the effect thereof was explained to him or her. Miller, supra, at 472. In light of this burden, the need to construe any ambiguities in favor of the insured, and the wording of the policy drafted by defendant here, this court finds that plaintiff's insurance policy with defendant provides coverage for the damage to plaintiff's garage.

Therefore, the following is entered.

## ORDER

Now, this January 24, 1986, a verdict in favor of plaintiff Karen A. Householder, and against defendant Nationwide Mutual Insurance Co. in the amount of $1,402.54, constituting the sum of $1,256.00 in damages plus the sum of $146.54 as delay damages from November 19, 1984 to January 19, 1986.