William J. Sullivan, J.
This action was instituted by the plaintiff Travelers Insurance Company for a declaratory judgment, declaring that it is not obligated under its homeowner’s Policy No. HO 7100706 or its automobile Policy No. MP 6066939 to defend the defendants Beschel and Lancina in an action which has been brought against them by the defendant Lorraine Carola, *421 arising out of an accident which occurred on or about July 10, 1971 involving a motorized minicycle operated by the defendant Lancina and a bicycle operated by the defendant Carola. The defendant Carola moves for summary judgment herein declaring (1) that the plaintiff is not entitled to the relief sought as to the homeowner’s policy; (2) that said policy affords coverage within its liability limits to the defendants Beschel; and (3) that plaintiff is obligated to defend them in the said action brought by Lorraine Carola against them, and to pay any judgment rendered against them in said action within the liability limits of said policy.
As stated in the moving papers herein, this motion pertains to the issue of coverage under the homeowner’s policy only, and 1 ‘ the applicability of Travelers automobile liability policy to the accident is not being raised on this motion ”.
The Travelers Insurance Company issued the homeowner’s policy to Helen M. Beschel (now deceased), the wife of defendant Henry W. Beschel, and the mother of the defendant Barry Beschel, an infant. The policy obligated the Travelers to pay all sums which the insured would become legally obligated to pay as damages by reason of personal injuries or property damage.
The defendants Henry W. and Barry Beschel are insureds under the terms of the policy. It is undisputed that the accident in question occurred on a public street some distance away from the Beschel property. Subdivision (b) of the “Exclusions” section of the policy excludes from its coverage 11 the ownership, maintenance, operation, use ” of automobiles or midget automobiles while away from the premises of the assured. The 11 Definitions ” section of the policy (par. 7) defines “ automobile ” as a 1 ‘ land motor vehicle ’ ’. Under this definition and the precedent of prior relevant decisions, the motorized minicycle involved herein, even though only a two-wheeled bicycle, nevertheless is an “ automobile ’’ within the meaning of plaintiff’s homeowner’s policy (cf. Lalomia v. Bankers & Shippers Ins. Co., 35 A D 2d 114, 116; Matter of Allcity Ins. Co. [Di Lorenzo], 33 A D 2d 665; People v. Farina, 65 Misc 2d 970, 974).
The movant points out, however, that the ‘ ‘ Definitions ’ ’ provisions of the policy (par. 7) further provide that the term “ automobile ” does not include “ if not subject to motor vehicle registration, any equipment which is designed for use principally off public roads ”, and contends that the minicycle herein is such type of1 ‘ equipment ’ ’ and therefore comes within that exclusion, thus making it subject to coverage under the policy for the acci *422 dent of July 10,1971. The court deems this contention untenable. The complete pertinent provision of paragraph 7 of the ‘ ‘ Definitions ” section relied on by the movant reads as follows (italics added): “ the terms [sic] ‘ automobile ’ does not include * * * any of the following: any crawler, or farm-type tractor, farm implement or * * * any equipment which is designed for use principally off public roads ”. Inasmuch as the words “ any equipment ’ ’ used in the last clause of the above excerpt are preceded in the same sentence by the enumeration of the farm-type equipment or implements, this court on the principle of “ ejusdem generis ” construes the last clause as referring to equipment of a like kind with those enumerated, which does not include a minicycle. Moreover, it would be contrary to the accepted idea of a motorized minicycle to characterize it as “ equipment # * * designed for use principally off public roads ”. Furthermore, in Matter of Askey (General Acc. Fire & Life Assur. Corp.) (30 A D 2d 632, affd. 24 N Y 2d 937), the Appellate Division in its opinion specifically construed the same exclusionary wording in a policy as not being applicable to a motorcycle.
It is, therefore, the conclusion of this court that the motorized minicycle in question is an automobile within the definition of the plaintiff’s homeowner’s policy; and since the accident out of which the Carola action arises resulted from the operation and use of said vehicle while away from the insured premises, the policy does not apply to that occurrence under the express provisions of subdivision (b) of the “Exclusions” terms of the policy. Accordingly, defendant Carola’s motion in this respect must be denied, and plaintiff Travelers Insurance Company is entitled to judgment declaring that it is not obligated to defend the Carola action on behalf of the defendants Beschel or to indemnify said defendants insofar as the ownership, operation or use of the minicycle is concerned (cf. Lalomia v. Bankers & Shippers Ins. Co., 35 A D 2d 114,117, supra).
However, defendant Carola as plaintiff in the negligence action also alleged in her complaint that the defendant Henry W. Beschel was guilty of negligence 1 ‘ in entrusting a dangerous instrumentality to a child of unsuitable age and discretion ”, thereby asserting a valid cause of action against that defendant grounded in common-law negligence (Carmona v. Padilla, 4 A D 2d 181, affd. 4 N Y 2d 767; Lalomia v. Bankers & Shippers Ins. Co., supra). In the Lalomia case, which also involved a homeowner’s policy, the court in its opinion stated (p. 117): “ this theory of action is not directly related to the ‘ ownership, main *423 tenance, operation, use ’ of the vehicle and imposes an obligation upon the insurer within the terms of its policy ”. Accordingly, defendant’s motion for summary judgment herein is granted to the following extent: defendant Carola is entitled to judgment declaring that Travelers Insurance Company, the plaintiff in this action, is required under the provisions of its homeowner’s policy to defend the defendant Henry W. Beschel individually against the Carola action based upon common-law negligence, and to indemnify him against any judgment that may be obtained against him therein within the liability limits of said policy.