MICHIGAN MUTUAL INSURANCE COMPANY v SUNSTRUM

Docket No. 52290. Submitted June 10, 1981, at Lansing.—Decided November 3, 1981. Leave to appeal applied for.

Timothy Sunstrum was severely injured in an automobile accident while a passenger in a pickup truck owned by Warren Priesman and driven by his son, Michael Priesman. Also seriously injured in the accident was Michigan State Police Trooper Gerald McAllister whose patrol car, while parked on the shoulder of a highway, was struck by the Priesman vehicle. Michael Priesman was uninsured at the time of the accident. Warren Priesman had insured the truck through Associated General Insurance Company, a subsidiary of Michigan Mutual Insurance Company, which provided homeowner's insurance on Warren Priesman's residence. Timothy Sunstrum and Gerald McAllister filed actions to recover damages for injuries they received in the accident. One of the theories for recovery alleged by Sunstrum was that he was entitled to recover on the Priesmans' homeowner's insurance policy on the basis that Warren Priesman had negligently entrusted his truck to his son. Michigan Mutual and Associated General filed an action for declaratory judgment in Ingham Circuit Court seeking a determination of their rights and responsibilities under the homeowner's insurance policy. Associated General settled with McAllister, Timothy Sunstrum, and the Michigan State Accident Fund. James T. Kallman, J., granted Michigan Mutual summary judgment in the declaratory judgment action, ruling that the homeowner's policy did not provide for a negligent entrustment claim. The defendants appeal. *Held:*

The applicable language of the homeowner's policy is clear. The motor vehicle exclusion provision of the homeowner's policy precludes coverage of the claim of negligent entrustment asserted against Warren Priesman.

Affirmed.

References for Points in Headnotes

[1] 43 Am Jur 2d, Insurance § 1.

[2] 43 Am Jur 2d, Insurance §§ 259, 271.

[3] 44 Am Jur 2d, Insurance § 1413.

1. INSURANCE — CONTRACTS.

> Insurance policies are similar to other contracts; they are matters of agreement by the parties and the function of a court is to determine what the agreement was and to enforce it.

2. INSURANCE — AMBIGUOUS PROVISIONS.

> An ambiguous provision in a policy of insurance is to be construed in favor of the insured and against the insurer; however, a policy must be construed in accordance with the ordinary sense of the language so as to avoid strained interpretations.

3. INSURANCE — HOMEOWNER'S INSURANCE — NEGLIGENT ENTRUSTMENT.

> An exclusionary clause in a homeowner's insurance policy disavowing liability coverage for injuries arising out of the ownership, maintenance, operation, use, loading or unloading of a motor vehicle owned by the insured precludes recovery for negligent entrustment of the vehicle by the insured where the accident does not occur on the homeowner's premises.

*Foster, Swift, Collins & Coey, P.C.,* for plaintiff.

*Anderson, Carr & Street,* for the Sunstrums.

Before: DANHOF, C.J., and M. F. CAVANAGH and D. R. FREEMAN,* JJ.

PER CURIAM. This is a declaratory judgment action seeking a determination of whether coverage exists under a homeowner's insurance policy for the negligent entrustment of a motor vehicle. Defendants appeal, as of right, from the trial court's entry of summary judgment, pursuant to GCR 1963, 117.2(3), in favor of plaintiff.

The following facts give rise to this suit.

On September 9, 1979, Timothy Sunstrum was severely injured in an automobile accident while a passenger in a pickup truck owned by Warren Priesman and driven by his son Michael Priesman. Also seriously injured in this accident was Michigan State Police Trooper Gerald McAllister whose

---

* Circuit judge, sitting on the Court of appeals by assignment.

patrol car, while parked on the shoulder of a highway, was struck by the Priesman vehicle.

Michael Priesman was uninsured at the time of the accident. His father, Warren Priesman, had insured the truck through Associated General Insurance Company (Associated General) which is a subsidiary of Michigan Mutual Insurance Company (Michigan Mutual). Michigan Mutual provided homeowner's insurance on Warren Priesman's residence.

An action was brought against Associated General for injuries received in the accident. Associated General offered to settle with Gerald McAllister, Timothy Sunstrum and the Michigan State Accident Fund for the policy limit of $100,000. Timothy Sunstrum refused to settle, and asserted that he was also entitled to recover on the homeowner's policy on the basis that Warren Priesman had negligently entrusted his truck to his son.

Michigan Mutual and Associated General brought the instant declaratory action requesting a determination of their rights and responsibilities under the Priesman homeowner's liability insurance policy.

Timothy Sunstrum subsequently brought suit against Warren Priesman, maintaining, *inter alia,* that Priesman was liable to him because he had negligently entrusted his pickup truck to his son. Michigan Mutual provided Priesman with defense counsel in this action. The record does not indicate the status or result of this action.

The various parties entered into a settlement agreement regarding the automobile insurance policy. Under this agreement, Associated General settled with Gerald McAllister, Timothy Sunstrum and the Michigan State Accident Fund for the

policy limit of $100,000. It was also specifically provided that the settlement would not affect any of the parties' rights under the homeowner's policy. The settlement removed Associated General, Gerald McAllister, Michael Priesman and the Michigan State Accident Fund from the instant declaratory action. Timothy Sunstrum's parents were added as parties.

The homeowner's policy issued by Michigan Mutual to Warren Priesman provided in pertinent part as follows:

"COVERAGE E—PERSONAL LIABILITY

"This Company agrees to pay on behalf of the insured all sums which the Insured shall become legally obligated to pay as damages because of bodily injury or property damages, to which this insurance applies, caused by an occurrence. This Company shall have the right and duty, at its own expense, to defend any suit against the Insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false of fraudulent, but may make such investigation and settlement of any claim or suit as it deems expedient. This Company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of this Company's liability has been exhausted by payment of judgments or settlements.

\* \* \*

"EXCLUSIONS

"This policy does not apply:

"1. Under Coverage E—Personal Liability and Coverage F—Medical Payments to Others:

"a. to bodily injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of:

\* \* \*

"(2) any motor vehicle owned or operated by, or rented or loaned to any Insured, \* \* \*."

The sole issue before us is whether coverage exists under the homeowner's insurance policy for the negligent entrustment of a motor vehicle. This is a question of first impression in this jurisdiction.[1]

Insurance policies are similar to other contracts. They are matters of agreement by the parties and the function of a court is to determine what the agreement was and enforce it. *Eghotz v Creech,* 365 Mich 527, 530; 113 NW2d 815 (1962). If the terms of the policy are plain and unambiguous, their plain meaning should be given effect. *Murphy v Seed-Roberts Agency, Inc,* 79 Mich App 1, 7-8; 261 NW2d 198 (1977). When a policy contains an ambiguity it is to be construed in favor of the insured and against the insurer; however, a policy must be construed in accordance with the ordinary sense of the language so as to avoid strained interpretations. *Whittaker Corp v Michigan Mutual Liability Co,* 58 Mich App 34, 36; 227 NW2d 1 (1975).

In the instant case, defendants allege coverage under the homeowner's policy. They assert that this policy provides very broad comprehensive liability coverage and argue that it was intended to cover the insured's liability for negligent entrustment of a motor vehicle.

Some jurisdictions have found that coverage exists under a homeowner's policy for the negligent entrustment of a motor vehicle. It has been reasoned that the act of negligently entrusting a motor vehicle is distinct from the ownership,

---

[1] Defendants suggest that this Court's decision in *Shelby Mutual Ins Co v United States Fire Ins Co,* 12 Mich App 145; 162 NW2d 676 (1968), addressed an almost identical question as that raised herein. However, our examination of *Shelby* indicates that that case did not involve negligent entrustment, but rather statutorily imposed liability. *Shelby* is, therefore, distinguishable from the instant case.

maintenance, operation or use of the motor vehicle and does not come within the homeowner's policy exclusion. *Upland Mutual Ins, Inc v Noel,* 214 Kan 145; 519 P2d 737 (1974). Other jurisdictions which support this position include: *Republic Vanguard Ins Co v Buehl,* 295 Minn 327; 204 NW2d 426 (1973), *Douglass v Hartford Ins Co,* 602 F2d 934 (CA 10, 1979) (applying Colorado law), *Lalomia v Bankers & Shippers Ins Co,* 35 App Div 2d 114; 312 NYS2d 1018 (1970), *aff'd* 31 NY2d 830; 339 NYS2d 680; 291 NE2d 724 (1972).

However, a number of recent decisions from other jurisdictions have reached the opposite conclusion.

Some jurisdictions which have determined that there is no coverage for negligent entrustment of a motor vehicle under a homeowner's policy have simply determined that negligent entrustment is not the type of liability a homeowner's policy is meant to cover. This position has been called the "dovetail" approach and has been described in the following manner:

"The[se] authorities * * * embrace a simple and straightforward coverage interpretation: homeowner's insurance is intended to cover risks attendant upon home and related activities, while automobile liability insurance is designed to provide basic coverage for all risks inherent in the use and ownership of motor vehicles. This 'dovetail' approach is premised upon the principle that the insured must look to the basic protection provided by the specific insuring agreement designed to cope with the risk inherent in automobile operation, with homeowner's protection available only to cover all other general or unspecified risks." *Ins Co of North America v Waterhouse,* 424 A2d 675, 680 (Del Super, 1980).

Other jurisdictions which have denied coverage

have done so after concluding that negligent entrustment of a motor vehicle, as a cause of action, is derived from the more general concepts of ownership, use or operation of a motor vehicle. These decisions have reasoned that although the act of negligently entrusting a motor vehicle is an essential (if not the primary) element of the tort, liability giving rise to the tort is not actually triggered until the motor vehicle is used in a negligent manner resulting in injury.[2] These jurisdictions have concluded that because the accident occurred off the homeowner's premises and resulted from the use or operation of a motor vehicle, the clear language of the exclusionary clause disavows coverage. See *Cooter v State Farm Fire & Casualty Co,* 344 So 2d 496 (Ala, 1977), *Aetna Casualty & Surety Co v American Manufacturers Mutual Ins Co,* 261 Ark 326; 547 SW2d 757 (1977), *Barnstable County Mutual Fire Ins Co v Lally,* 374 Mass 602;

---

[2] This view is consistent with Michigan law. In *Perin v Peuler (On Rehearing),* 373 Mich 531, 537-539; 130 NW2d 4 (1964), the Supreme Court, in discussing negligent entrustment, stated:

"'* * * the owner of a motor vehicle may not entrust it to such a person without liability for resulting negligent injuries to others. 36 ALR 1137, 1148; *Naudzius v Lahr,* 253 Mich 216, 229 [234 NW 581] 74 ALR 1189; 30 NCCA 179 [1931]; *Tanis v Eding,* 265 Mich 94, 96 [251 NW 367 (1933)]; and *Elliott v A J Smith Contracting Co,* 358 Mich 398, 414 [100 NW2d 257 (1960)]. In such circumstances, the owner's liability is also in part vicarious for it cannot arise unless the person entrusted with the automobile uses it negligently; but, the primary basis for the owner's liability is said to be his own negligence in permitting its use by an incompetent or inexperienced person with knowledge of the probable consequences.'

* * *

"'* * * in addition to the requirement of precedent knowledge (on the part of the entrusting owner or lender) of the unfitness or incompetence of the entrusted driver, the entrustment must be causally connected with the injury of which the plaintiff complains. It could not be sensibly contended, for instance, that the entrusted driver, thus known to be unfit or incompetent, had started any chain of causation back to the entrustor if such entrusted driver, in the operation of the entrusted car, had himself committed no act or omission constituting actionable negligence."

373 NE2d 966 (1978), *Great Central Ins v Roemmich,* 291 NW2d 772 (SD, 1980), *Gargano v Liberty Mutual Ins Co,* 384 So 2d 220 (Fla App, 1980), *Ins Co of North America v Waterhouse, supra.*

It is this latter position which the trial court, in essence, adopted. We agree. We find that the applicable language of the homeowner's policy is clear and susceptible of but one interpretation. The motor vehicle exclusion provision of the homeowner's policy precludes coverage of the claim of negligent entrustment asserted against Warren Priesman. The decision of the trial court is affirmed.

Affirmed. Costs to plaintiff.