505 A.2d 1016

Richard PULLEYN and Rodger Sadlak, t/d/b/a Butler Custom Builders and Charles W. Davis, Jr., In His Own Right and In His Capacity as the Administrator of the Estates of Linda S. Davis and Kimberly Davis, and In His Own Capacity As the Parent and Natural Guardian of Jason Davis, a Minor and Kristen Davis, a Minor

v.

CAVALIER INSURANCE CORPORATION and Westmoreland Casualty Company

Appeal of Charles W. DAVIS, Jr., In His Own Right and In His Capacity as the Administrator of the Estates of Linda S. Davis and Kimberly Davis, and In His Capacity as the Parent and Natural Guardian of Jason Davis, a Minor, and Kristen Davis, a Minor.

Superior Court of Pennsylvania.

Argued April 24, 1985.

Decided Feb. 10, 1986.

Reargument Denied March 7, 1986.

Mark A. Criss, Zelienople, for appellant.

Louis C. Long, Pittsburgh, for appellee.

Before SPAETH, President Judge, and CAVANAUGH, BROSKY, ROWLEY, WIEAND, McEWEN, DEL SOLE, BECK and TAMILIA, JJ.*

SPAETH, President Judge:

This appeal is from an order granting judgment on the pleadings in a declaratory judgment action. *See* 42 Pa.C.S. § 7531 *et seq.* The issue is whether an insurance company is obliged to defend, under a general liability insurance policy, an action in trespass in which it is alleged that the insured was negligent in entrusting a motor vehicle to an employee. The trial court granted judgment on the pleadings in favor of the insurance company, holding that the company is not obliged to defend because of an exclusion in the policy. We affirm.

* President Judge Spaeth wrote this opinion before the expiration of his term on the Court.

In reviewing an order granting judgment on the pleadings, we accept as true the opposing party's well-pleaded averments of fact and consider only those facts that the opposing party specifically admits. *Bata v. Central-Penn National Bank of Philadelphia*, 423 Pa. 373, 224 A.2d 174 (1966), *cert. denied* 386 U.S. 1007, 87 S.Ct. 1348, 18 L.Ed.2d 433 (1967). We then ask whether, as thus defined, the case is clear and free of doubt, for only in such a case should judgment on the pleadings be entered. *Id.*

Applying the foregoing principles, we may summarize the facts as follows. On July 30, 1979, Steven James Kirk was driving an automobile owned by his employers, appellees Richard Pulleyn and Rodger Sadlock, who do business under the name of Butler Custom Builders, and whom we shall refer to collectively as "Custom Builders". He was making a delivery, in the course of his employment, when he was involved in an accident with an oncoming automobile, driven by appellant's wife, with appellant's three children as passengers. Appellant's wife and one of the children were killed, and the other children were injured. Appellant sued Custom Builders, alleging that Custom Builders had been negligent "in assigning Steven James Kirk the task of delivering a certain piece of equipment, the attempted performance of which task resulted in the death of [appellant's] decedent in that [Custom Builders] had actual knowledge of the defendant Steven James Kirk's physical illness or incapacity before assigning him the said task." Amended Complaint in Trespass ¶ 12. Custom Builders then filed the present action for declaratory judgment, seeking, among other relief, a declaration that an insurance policy issued to them by appellee Westmoreland Casualty Corporation provided coverage against the claims raised in appellant's action in trespass. Appellant was granted leave to intervene in the declaratory judgment action. In response to motions for judgment on the pleadings filed by Westmoreland Casualty, Custom Builders, and appellant, the trial court granted Westmoreland Casualty's motion and denied the others. This appeal followed.

The question presented by the appeal is a question of first impression for the appellate courts of Pennsylvania: Whether an insurance company may be required to defend an action brought on the theory of negligent entrustment [1] when the liability insurance policy contains an exclusion providing that:

This insurance does not apply:

. . . .

(b) to bodily injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of:

. . . .

(2) any other automobile or aircraft operated by any person in the course of his employment by any insured.

When a provision in an insurance policy excludes coverage, it is to be construed against the insurer and in favor of the insured. *Standard Venetian Blind Co. v. American Empire Insurance Co.*, 503 Pa. 300, 469 A.2d 563 (1983). Appellant argues that in construing the exclusion here in question, we should find coverage. In support of this argument, appellant relies heavily on *Eichelberger v. Warner*, 290 Pa.Super. 269, 434 A.2d 747 (1981), which appellant argues is "directly control[ling]." Brief for Appellant at 12. It is true that in *Eichelberger* we construed the words "arising out of", as they were used in an exclusion substantially the same as the exclusion here in question. In undertaking that task, however, we were not required to consider an action brought on the theory of negligent entrustment,

1. The Restatement (Second) of Torts defines negligent entrustment as follows:

It is negligence to permit a third person to use a thing or to engage in an activity which is under the control of the actor, if the actor knows or should know that such person intends or is likely to use the thing or to conduct himself in the activity in such a manner as to create an unreasonable risk of harm to others.

Restatement (Second) of Torts § 308 (1965).

*See also id.* § 317 (duty of master to control conduct of servant); § 316 (duty of parent to control conduct of child).

and examination of *Eichelberger* will show that it is inapposite to our decision here.

In *Eichelberger* we stated the facts as follows:

On November 3, 1974, Dava Rice was driving her automobile in which her sister, Linda Junk, was a passenger. The two women were traveling south on Route 34 near Carlisle, Pennsylvania, when their vehicle stopped for an unknown reason, although Linda believed that it had run out of gas. Dava parked the car as far to the right side of the road as it would go without hitting the guardrail. However, the berm was not wide enough to accommodate the entire car leaving it partly on the highway. The two women then walked to a gas station and returned a short time later with a can of gas. Two "good samaritans", Brian Magaro and Herby Eichelberger, stopped to see if they could be of assistance. Immediately prior to the accident, all four persons were generally assembled at the rear of the Rice vehicle. While the two men were doing this, Dava Rice was standing slightly on the highway behind her vehicle with her back to oncoming southbound traffic. At that moment a car driven by Vivian Lee Warner was traveling in the southbound lane and was approaching the Rice car. According to Warner's testimony, when she was approximately two car lengths from the Rice vehicle, and about to pass the disabled Rice vehicle, Dava Rice suddenly stepped backwards and to her left, placing her in front of the right front headlight of the oncoming Warner vehicle. Warner struck Rice, who was a few feet from her car, and lost control of her vehicle running into the rear of the Rice automobile. Dava Rice was killed, Brian Magaro sustained serious injuries, Herby Eichelberger was also injured although less seriously and Linda Junk escaped unharmed.

290 Pa.Super. at 271–72, 434 A.2d at 748–49.

On appeal the issues were whether Dava Rice's automobile insurance and homeowners policy both provided coverage for the injuries sustained by the others. As we have indicated, the homeowners policy contained an exclusion

substantially the same as the exclusion here. We found coverage, construing the phrase "arising out of the use of an automobile" as "exclud[ing] only those injuries which are proximately caused by the automobile." 290 Pa.Super. at 278, 434 A.2d at 752.

It is readily apparent that *Eichelberger* was a very different case than this one. When the accident occurred in *Eichelberger,* Dava Rice, the insured, was standing outside of her stopped automobile with the others who were trying to assist her. Her policy excluded only injuries sustained when operating "any motor vehicle owned or operated by or rented or loaned *to any insured*" (emphasis added), and when she was injured, she was not operating any motor vehicle. The argument made to us turned on the issue of causation: It could not be maintained that the injuries were proximately caused by Dava Rice's ownership or operation of her automobile, but they were "simply causally connected with the auto", 290 Pa.Super. at 278, 434 A.2d at 752, for "had not the Rice vehicle run out of fuel, Dava Rice would not have been standing in the highway waiting while Herby Eichelberger poured gasoline into her car", *id.*, 290 Pa.Superior Ct. at 274, 434 A.2d at 750. The issue we had to decide, therefore, had nothing to do with liability for negligent entrustment; rather, it was whether the exclusion extended to both proximate and simple (or "but for") causation, or only to proximate causation. Here the automobile *was* being operated by Kirk, and the accident happened while both vehicles were in motion. No issue of proximate or simple causation is presented.

Proceeding then from *Eichelberger* to those cases that are in point, we find that the courts are divided on whether an insurance policy provision such as the provision here includes or excludes coverage for negligent entrustment. Those courts finding coverage have distinguished the act of negligently entrusting a motor vehicle from the ownership, operation, maintenance or use of the vehicle. As one court has reasoned:

The gist of the action, the gravamen, if you will, is not the use of the motor vehicle, which arguably establishes a basis for these exclusions of the policy to become operative, but rather the gist or the gravamen of the tort is the failure to supervise what amounts to a dangerous instrumentality; and that is a ten year old child with a self-propelled vehicle or projectile such as this minibike.

*Douglass v. Hartford Insurance Co.*, 602 F.2d 934, 935–36 (10th Cir.1979) (quoting trial court opinion).

*See also Upland Mutual Insurance, Inc. v. Noel,* 214 Kan. 145, 519 P.2d 737 (1974); *Republic Vanguard Insurance Co. v. Buehl,* 295 Minn. 327, 204 N.W.2d 426 (1973); *Lalomia v. Bankers & Shippers Insurance Co.,* 35 A.D.2d 114, 312 N.Y.S.2d 1018 (1970), *aff'd* 31 N.Y.2d 830, 339 N.Y.S.2d 680, 291 N.E.2d 724 (1972).

Increasingly, however, the courts have declined to find coverage. Some rely on what is described as the "dovetail" approach, under which insurance coverage for automobile accidents is to be found, not under a general liability policy of the kind in question here, but rather under the automobile insurance policy. Thus the Delaware Supreme Court has said:

> [H]omeowner's insurance is intended to cover risks attendant upon home and related activities, while automobile liability insurance is designed to provide basic coverage for all risks inherent in the use and ownership of motor vehicles. This "dovetail" approach is premised upon the principle that the insured must look to the basic protection provided by the specific insuring agreement designed to cope with the risk inherent in automobile operation, with homeowner's protection available only to cover all other general or unspecified risks.

*Insurance Company of North America v. Waterhouse,* 424 A.2d 675, 680 (Del.1980).

*See also Bartels v. Romano,* 171 N.J.Super. 23, 407 A.2d 1248 (1979). We are not persuaded by this reasoning, for different policies may or may not be mutually exclusive; each policy must be examined on its own terms. For this

proposition, *Eichelberger* is on point. *See* 290 Pa.Super. at 276, 434 A.2d at 750–51 ("a homeowners' policy and an automobile policy are not necessarily mutually exclusive," citing and quoting 7A Appelman, Insurance Law and Practice § 4500 (1979)).

Other courts declining to find coverage have reasoned that "although the act of negligently entrusting a motor vehicle is an essential (if not the primary) element of the tort, liability giving rise to the tort is not actually triggered until the motor vehicle is used in a negligent manner resulting in injury." *Michigan Mutual Insurance Co. v. Sunstrum*, 111 Mich.App. 98, 104, 315 N.W.2d 154, 157 (1981). *See also Insurance Company Of North America v. Waterhouse, supra; Barnstable County Mutual Fire Insurance Co. v. Lally*, 374 Mass. 602, 373 N.E.2d 966 (1978); *Hanover Insurance Co. v. Grondin*, 119 N.H. 394, 402 A.2d 174 (1979); *Williamson v. Continental Casualty Co.*, 201 N.J.Super. 95, 492 A.2d 1028 (1985). As the Alabama Supreme Court has said:

It is the concurrence of these dual elements—negligent entrustment by the owner or custodian of the instrumentality plus its negligent use by the entrustee—that is missing in the rationale of those cases upholding coverage. Taken literally, this line of reasoning—that negligent entrustment of the vehicle, and not its use, is the basis of insured's alleged liability—the injured party could recover absent any showing that the incompetent to whom the vehicle is entrusted caused the injury by his negligent use of the vehicle. As we have observed, this does not comport with the elements that make up this tort concept of negligent entrustment.

*Cooter v. State Farm Fire & Casualty Co.*, 344 So.2d 496, 499 (1977).

We are persuaded by this reasoning. Contrary to appellant's assertion, it is not the negligent entrustment of the automobile to Kirk but Kirk's use of it that is the basis of the insured's—Custom Builders'—alleged liability, and as to that use, the insurance policy excludes coverage.

Affirmed.

DEL SOLE, J., dissents.

BECK, J., joins in this dissenting opinion by DEL SOLE, J.

DEL SOLE, Judge, dissenting:

I must respectfully dissent from the Opinion of the majority in this case. I would reverse the judgment entered on the pleadings on the basis of the unpublished Panel Opinion authored by the Honorable Harry M. Montgomery which follows:

"The instant appeal arises from a lower court order granting a motion for judgment on the pleadings and a declaratory judgment action. This case was instituted in a lower court to resolve questions of insurance coverage and the duty to defend a tort claim and indemnify an insured arising out of the tort claim.

"The events leading to the instant appeal were triggered by a motor vehicle accident which took place on July 30, 1979.[1] In that incident, a vehicle operated by one Steven James Kirk collided with an oncoming vehicle, and the accident produced the deaths of two persons and serious bodily injuries to others. At the time, Kirk was operating the vehicle in the course of his employment with Richard Pulleyn and Rodger Sadlak t/d/b/a Butler Custom Builders (hereinafter collectively referred to as 'Custom Builders').

"A suit was filed by Charles W. Davis, Jr., on his own behalf and on behalf of the estates of his wife and daughter, who were killed in the accident, as well as on behalf of two of his children who survived the collision. Damages for the deaths and injuries were sought in that action against Kirk and also against Custom Builders.[2] In the case, the Plaintiff sought, *inter alia*, to recover from Custom Builders on two distinct theories of negligence. First,

---

1. Because this case involves a judgment on the pleadings, our recitation of facts will rely on all of the well-pleaded allegations of the Intervenor-Appellant. See *Wade v. Heisey*, 243 Pa.Super. 8, 364 A.2d 423 (1976).

2. The status of the damage action is not a matter of record in the instant case.

as would be expected, Custom Builders was asserted to be vicariously liable for the negligence of the employee, Kirk, in his operation of the vehicle involved in the accident. Second, and most significant to the instant litigation, the Plaintiff maintained that Custom Builders was negligent '. . . in assigning Steven James Kirk the task of delivering a certain piece of equipment . . . in that [Custom Builders] had actual knowledge of the Defendant Steven James Kirk's physical illness or incapacity before assigning him the said task.' [3]

"Following the institution of the damage action, Custom Builders filed the instant action seeking, among other relief, a declaration that an insurance policy issued to them by the Defendant-Appellee Westmoreland Casualty Corporation (hereinafter referred to as "Westmoreland") afforded coverage against claims asserted in the above-described damage action. The Plaintiff in the damage action was granted the right to participate in the instant declaratory judgment litigation as an Intervenor. Each of the parties filed motions for judgment on the pleadings and the lower court granted the motion of Westmoreland, and denied the cross motion of Custom Builders and of the Intervenor. The instant appeal is filed by Charles W. Davis, Jr., the Intervenor, in his personal and representative capacities.

"The crux of this case is whether Westmoreland policy of insurance covers the insured, Custom Builders, with regard to the claim by the Intervenor that Custom Builders is liable, on the theory that it was negligent in assigning an ill or physically incapacitated employee to the task which resulted in the accident. Westmoreland, in its defense, relies upon the following exclusion language set forth in the liability policy it issued to Custom Builders:

"This insurance does not apply: . . .

"(b) to bodily injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of:

3. See Restatement 2nd of Torts, Section 308, which sets forth this theory of recovery, which other courts have called "negligent entrustment".

"(1) any automobile or aircraft owned or operated by or rented or loaned to any insured, or

"(2) any other automobile or aircraft operated by any person in the course of his employment by an insured.

"Westmoreland maintains that the aforesaid policy language excuses it from any defense or indemnity obligations with respect to the Intervenor's damage claims against Custom Builders, the insured, because the underlying tort claim requires proof of negligent operation or use of an automobile. The lower court agreed with this argument, and also rejected the arguments of Custom Builders and the Appellant that the policy language was ambiguous.

"The Appellant has contended in the lower court, and again on his appeal, that the distinct allegation of a delegation of a task to an employee unfit for the task constituted an independent basis for coverage by the Westmoreland policy. It is argued that while the damage cause of action for negligent operation of the vehicle, based upon a *respondeat superior* theory, is not within the ambit of the policy, the separate negligent entrustment theory of recovery is not covered by the exclusion language in issue.

"Prior to addressing the merits of this appeal, it is appropriate that we make note of the well-established policies which guide our deliberations in cases such as the instant one. Because an insurance policy is a contract, we must determine the intent of the parties as manifested by the language of the written agreement. *Adelman v. State Farm Mutual Automobile Insurance Co.*, 255 Pa.Super. 116, 386 A.2d 535 (1978). When the language in question is clear and unambiguous, its terms are to be given their plain and ordinary meaning. *Blocker v. Aetna Casualty & Surety Company*, 232 Pa.Super. 111, 332 A.2d 476 (1975). However, insurance contracts are considered contracts of adhesion, and genuine ambiguities, if they exist, must be resolved in favor of coverage and against the insurer. *Mohn v. American Casualty Co. of Reading*, 458 Pa. 576, 326 A.2d 346 (1974). It is also held that clauses providing exceptions to an insurer's general liability are to be inter-

preted narrowly and against the insurer. *Miller v. Prudential Insurance Co. of North America,* 239 Pa.Super. 467, 362 A.2d 1017 (1976); *Celley v. Mutual Benefit Health and Accident Association,* 229 Pa.Super. 475, 324 A.2d 430 (1974).

"It is with these precepts in mind that we have examined the question presented in this appeal, and now hold that the lower court erred in entering a declaratory judgment in favor of the Appellee insurer, Westmoreland. We conclude that the legal principles applicable to this case, the fact situation presented, and the insurance contract language in issue mandate a finding that the Westmoreland policy exclusions do not insulate the insurer from its obligation to defend and indemnify Custom Builders with regard to the negligent entrustment claims of the Intervenor-Appellant.

"The case of *Eichelberger v. Warner,* 290 Pa.Super. 269, 434 A.2d 747 (1981) provides highly relevant guidance as well as instructive precedent. In that case, our Court found, *inter alia,* that a homeowners insurance policy as well as an automobile insurance policy provided coverage to an insured in the case of injuries arising from an auto accident. The homeowners policy in issue in the case contained an exclusion quite similar to the one involved in the instant appeal:

"This policy does not apply

"(1) under coverage E—personal liability

. . . . .

"a) to bodily injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of

"b) any motor vehicle owned or operated by or rented or loaned to any insured . . .

"The accident in *Eichelberger* occurred when the insured, standing behind her disabled car at the side of a highway, stepped backwards into the path of the Defendant's car. The Defendant struck the insured, lost control of her vehicle, which then collided with other parked vehicles and caused injuries to other individuals at the scene. The

Defendant, when found liable for damages to those individuals, sought a contribution from the insured's auto and homeowner's policies.

"Despite the above-quoted language in the policy, our Court determined that the homeowner's policy provided coverage under the facts presented. Clear merit was found in the Defendant's contention that a proximate cause of the accident was the insured's non-auto related negligent conduct as a pedestrian. The insured's negligence in stepping in front of the Defendant's vehicle was determined to not fall within the ambit of the policy clause excluding coverage for injury or damage 'arising out of the use' of a vehicle.

"In *Eichelberger,* our Court relied upon a similar holding and the reasoning of the California Supreme Court in *State Farm Mutual Automobile Insurance Company v. Partridge,* 10 Cal.3d 94, 109 Cal.Rptr. 811, 514 P.2d 123 (1973). Similar holdings have issued in cases involving motor vehicle tort claims, and questions of coverage under homeowners policies featuring comparable exclusion provisions, in other jurisdictions. See *Upland Mutual Insurance, Inc. v. Noel,* 214 Kan. 145, 519 P.2d 737 (1974); *Republic Vanguard Insurance Co. v. Buehl,* 295 Minn. 327, 204 N.W.2d 426 (1973); *Travelers Insurance Co. v. Beschel,* 71 Misc.2d 420, 336 N.Y.S.2d 370 (1972); *McDonald v. Home Insurance Co.,* 97 N.J.Super. 501, 235 A.2d 480 (1967).

"We find the analysis and reasoning in *Eichelberger* and the other cases cited to be persuasive in the instant case. The negligent conduct ascribed to Custom Builders by the Appellant, in the negligent entrustment allegations in the damage action, was separate and distinct from the allegations concerning the operation of the motor vehicle by the employee Kirk. The entrustment took place when Kirk was designated by his employers to perform the task, before he ever took the first step to carry out his assignment. It was a departure from due care which had been completed before the employee even entered the vehicle or moved it from its parking place to begin his job. Because the negligent entrustment claim is a separate one in the damage action, we cannot conclude, with the certainty legally required in

the analysis of such exclusion clauses in insurance policies, that Westmoreland may be excused from providing coverage in such cases.[4]

"Stated another way, we do not find it possible to hold that the policy in question positively and clearly excludes from coverage any claim against an insured that it was guilty of negligently assigning an employee a particular job or task, which when performed incompletely or incorrectly, proximately caused harm to another. One could reasonably conceive numerous other situations in which an employer could be accused of negligently assigning or entrusting an employee to a task which, because of subjective problems particular to the employee chosen, might foreseeably create a risk of damage to property or harm to others. We would find coverage for the insured in such circumstances under the general contractor's liability policy in issue in this case. We do not feel that the exclusion clause in the policy in this case has any effect upon the insurer's duty to provide coverage against claims of negligent entrustment. Of course, the later and separate act of negligence in driving by the employee, for which any employer may be held responsible under a *respondeat superior* theory, is unambiguously covered by the language of exclusion, and the insurer may properly rely upon it to avoid coverage.

"We therefore reverse and vacate the judgment on the pleadings entered for the Defendant-Appellee Westmoreland Casualty Company. The case is remanded to the lower court with directions that it enter judgment for the Plaintiffs, t/d/b/a Butler Custom Builders, and against the Defendant-Appellee Westmoreland Casualty Company, ordering that it provide a defense to the insureds on the entrustment aspects of the Intervenor's damage claims, and thereafter indemnify the said Plaintiffs for any liability

4. The Westmoreland policy provides, in pertinent part: "The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of A. bodily injury of B. property damage to which this insurance applies, caused by an occurrence, and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage ..."

imposed as a result of such claims, with the financial limitations of the policy in questions.

"Reversed and remanded with directions. Jurisdiction is relinquished."

I would add that I believe that the majority incorrectly analyzes the matter by making a determination that the motor vehicle must be used in a negligent manner resulting in injury as part of the claim. There can, in fact, be no negligence on the part of the operator of the vehicle at the time of the accident, but negligence on the part of the entrustor which is a substantial factor in bringing about the harm. It is in these situations where the issue is clearly drawn.

However, if the operator is negligent in causing an accident when the entrustor is negligent in providing the vehicle to the operator, both of these elements are separate and distinct and if they are both substantial factors in bringing about the harm, each would be liable on different theories.

Therefore, I would reverse the judgment on the pleadings entered by the trial court and direct that the carrier provide coverage on the negligent entrustment claim.

BECK, J., joins in this dissenting opinion.